UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TUG CONSTRUCTION LLC,

    Plaintiff,

v.

HARLEY MARINE FINANCING LLC,

    Defendant.

CASE NO. 2:19-cv-00632-BAT

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE**

Plaintiff Tug Construction, Inc. ("TCI") moves for an order compelling Defendant Harley Marine Financing ("HMF") to produce HMF's "internal and external communications relating to its maintenance and repair of five tug boats" ("the Tugs"). Dkt. 49. HMF objects to the motion on the grounds of relevance and argues that the burden of producing such documents outweighs the likely significance of their production. HMF also objects to TCI's delay in filing its motion to compel. Dkt. 53.

It appears that delays and the impending discovery deadline may have prematurely precipitated the filing of this motion before the parties had a meaningful opportunity to resolve their dispute without the Court's intervention. For this reason, the Court denies Plaintiff's motion to compel without prejudice and extends the discovery deadline so that the parties may do so.

## RELEVANT FACTS

Tug alleges that HMF breached the Bareboat Charters for the Tugs by failing to properly maintain and repair the Tugs during the charters; to return the Tugs in same condition less

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL WITHOUT PREJUDICE - 1

ordinary wear and tear; to pay for necessary repairs to the Tugs to bring them into the condition required for their redelivery; and, to pay continuing charter hire accruing until the Tugs were brought into the condition required for their redelivery. Dkt. 1 at 11, ¶ 33.

At issue are the following discovery requests, propounded by TCI to HMF on July 30, 2019:

> REQUEST FOR PRODUCTION NO. 3. Segregate and produce all documents in any way relating to the maintenance and/or repair of the MICHELLE SLOAN during the term of the Michelle Sloan Charter, including all communications with all providers of goods and/or services relating to actual or possible maintenance and/or repair of the MICHELLE SLOAN.

Identical requests (Nos. 6, 9, 12 & 15) were propounded for the other four Tugs. Dkt. 50, Declaration of Jess G. Webster ("Webster Decl."), Ex. A. TCI's request for "documents" specifically included "e-mail or electronic messages."

On August 29, 2019, HMF served responses to Tug's document requests. Dkt. 54, Declaration of John A. Boyle ("Boyle Decl."), Ex. E. HMF objected, on grounds of relevance, overbreadth and burden, to Request Nos. 3, 6, 9, 12, 15, but offered to meet and confer to discuss the scope of the requests. *Id.* In supplemental responses and objections served on September 3, 2019, HMF reiterated the same objections as to Request Nos. 3, 6, 9, 12, 15, and again expressed willingness to meet and confer to determine whether those requests could be narrowed to an appropriate scope. *Id.*, Ex. F.

HMF made its initial production on October 3, 2019. TCI raised concerns about the production on November 27, 2019 and counsel for the parties met and conferred in early December 2019. *See* Dkt. 53, p. 6.

On January 7, 2020, HMF made a supplemental production of records relating to the repairs and maintenance performed on the Vessels which included, for each Tug, invoices for

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL WITHOUT PREJUDICE - 2

repair and maintenance work, a printout of repair/maintenance purchase orders, engine room logs and wheelhouse logs, and a spreadsheet listing work orders for over 2,600 separate items of maintenance and repairs performed on the Tugs. Dkt. 54, Boyle Decl., ¶ 8, Ex. C.

On February 12, 2020, TCI's counsel again noted deficiencies in HMF's production, counsel for the parties met and conferred, and on February 19, 2020, TCI's counsel provided a written explanation of the purported relevance of the requested repair and maintenance communications. Dkt. 54, Boyle Decl., Ex. H. HMF's counsel responded that HMF would "take under advisement [Tug's] proffer as to the relevance of the repair and maintenance communications" and that the parties "could possibly come to an agreement regarding the production of some of these communications" but would not agree to produce anything based on the current discovery schedule:

> We simply do not have enough time before March 13th to collect, review and produce communications from several custodians over a four-year period, while also participating in 6 depositions. Please impress upon your clients that a three-month extension of discovery is in their best interests.

*Id.*, Ex. H. On February 19, 2020, counsel for TCI asked for an explanation of HMS's claimed burden and expense to produce the requested electronic discovery. *Id.,* Ex. H. Tug filed the instant motion to compel the next day, on February 20, 2020. Dkt. 29. On February 24, 2020, the parties stipulated to extend the discovery deadline, but only until March 31, 2020. Dkt. 51. The Court granted the stipulated motion and *sua sponte* continued the parties' dispositive motion deadline until April 10, 2020. Dkt. 52. This matter is currently set for a four-day bench trial on June 22, 2020. Dkt. 43.

## DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery. Fed. R. Civ. P. 26 (b)(2)(B).

HMF agrees that the precise repairs and maintenance HMF performed on the Tugs, and when it did so, are undoubtedly relevant to those allegations. However, HMF contends that the documents it has produced to date provide all the relevant details as to each repair and item of maintenance performed on the Tugs. As an example, HMF points to a work order (HMF-RM016196) relating to a scheduled tune-up of the port main engine of the RICH PADDEN performed after 2,000 hours of use, which indicates when the 2,000-hour tune-up was requested and by whom, when and where it was completed, and the precise work performed, which included inspecting certain equipment and repairing or replacing other equipment. Dkt. 54, Boyle Decl., Ex. J.

In addition, HMF argues that searching, reviewing, and producing the communications sought by TCI would impose a substantial burden, as the search spans more than 2,600 separate items of repair and maintenance on the Tugs over a four year period and involves numerous

employees. HMF claims it would have to pull all the emails (texts and hard files) of multiple custodians for a four-year period; run search terms against those emails and review thousands of emails for responsiveness and privilege. HMF does not identify how long or how much it will cost to produce the emails requested but stated only (in an email to TCI's counsel) that it did not think it could complete such a production prior to March 13, 2020 while simultaneously engaging in six depositions.

Nevertheless, the parties seemed willing to discuss an agreement regarding the email production but did not do so in light of the pending discovery deadline which was, at their request, extended until March 31, 2020. And the parties have apparently not continued to work toward a resolution as they litigate the instant motion to compel.

Accordingly, the Court **ORDERS**:

1) Plaintiff's motion to compel (Dkt. 49) is **DENIED without prejudice**;

2) The discovery deadline is extended until **April 10, 2020**;

3) All other deadlines remain unchanged. If the parties are unable to meet all pre-trial deadlines, they must contact the Court immediately with proposed alternative dates, including alternative dates for trial.

DATED this 11th day of March, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge