UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TUG CONSTRUCTION LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>HARLEY MARINE FINANCING LLC,<br><br>                    Defendant. | CASE NO. 2:19-cv-00632-BAT<br><br>**ORDER ON ATTORNEY FEES, INTEREST, COSTS AND AWARD OF DAMAGES TO PLAINTIFF** |

The Court has found Plaintiff is a substantially prevailing party and under the terms of each Bareboat Charter Agreement, Plaintiff is entitled to reasonable attorney fees, interest, costs, and expenses. Dkt. 115. Plaintiff also requests the Court amend its Findings and Conclusion to include $49,529.69 in costs incurred by Mr. Kelley to inspect and oversee repairs performed on each Tugboat involved in the case. Although Defendant disagrees with the Court's Findings and Conclusions, it does not contest Plaintiff's proposed amendment, subject to retaining the right to challenge the finding. Dkt. 121 at 1, n. 1.

The Court accordingly **GRANTS** Plaintiff's proposed amendment and hereby amends the Findings of Fact and Conclusions of Law, Dkt.115 to include $49,529.69 for the costs incurred regarding Mr. Kelley's inspection, facilitation and oversight of repairs performed on each Tugboat involved in the case. With this amendment, the Court finds Plaintiff is entitled to entry

ORDER ON ATTORNEY FEES, INTEREST,
COSTS AND AWARD OF DAMAGES TO
PLAINTIFF - 1

of judgment in Plaintiff's favor and against Defendant in the amount of $1,520,863 for repair costs, hire fees and insurance under the Bareboat Charter Agreements.

Because the Court has already found Plaintiff is entitled to reasonable attorney fees, interest, costs and expenses, the sole matter before the Court are the parties' respective proposals regarding what attorney fees, interest, costs, and expenses should be awarded.

Plaintiff seeks, Dkt. 117, the following attorneys' fees, prejudgment interest, and fees and costs:

1. Prejudgment interest of $582,770.76 through October 31, 2022 and continuing to accrue at a daily rate of $463.22 per day until judgment is entered,

2. Attorney fees in the amount of $612,239.00.

3. Costs in the amount of $23,438.97 (Exhibit B)

4. Expert fees for Mr. Kelley in the amount of $37,200.58 (Exhibit C).

4. Five days of hotel costs of $2,191.60 for Kurt Redd (Exhibit D).

Defendant has not objected to Plaintiff's calculation of prejudgment interest and the Court accordingly finds and awards Plaintiff prejudgment interest of $582,770.76 interest through October 31, 2022 which continued to accrue at a daily rate of $463.22 for a total of $595,740.92.

Defendant also has not objected to the costs set forth in Exhibit B. The Court accordingly finds and awards Plaintiff $23,438.97 for costs set forth in Exhibit B.

However, Defendant does object to the amount of Plaintiff's request for attorney fees, Mr. Kelley's expert costs and Mr. Redd's hotel bill. Defendant contends the federal statute authorizing the Court to order costs for Mr. Redd's hotel bill is subject to a maximum per diem of $232 per day and because Mr. Redd testified only on two days, the Court should limit his costs to $464.00. *See* 28 U.S.C. § 1821. That statute allows for a travel allowance, subsistence not to

ORDER ON ATTORNEY FEES, INTEREST,
COSTS AND AWARD OF DAMAGES TO
PLAINTIFF - 2

exceed a per diem prescribed by the Administrator of General Services, and a $40.00 per day witness attendance fee for each day's attendance. Under Washington law, RCW 4.84.010 permits a prevailing party to recover witness costs for each day the witness attends trial. *See* RCW 4.84.090. Mr. Redd attended trial for five days and adopting the per diem Defendant proffered, the Court awards Plaintiff costs regarding Mr. Redd's hotel bill in the amount of $1,160.

As to Plaintiff's request for expert witness fees, Defendant argues under Washington law such fees are not recoverable as costs by Plaintiff. *Hayes v. City of Seattle,* 131 Wash.2d 706, 719 (1997); *see also Fiorito v. Goerig*, 27 Wash.2d 615, 620, 179 P.2d 316 (1947)("[w]here an expert is employed and is acting for one of the parties, it is not proper to charge the allowance of fees for such expert against the losing party as a part of the costs of the action."). Federal law also generally precludes recovery of expert witness fees. *See First Nat. Mort. Co. v. Federal Realty Inv. Trust*, 631 F.3d 1058, 1071 (9th Cir. 2011). However, under Federal law, Plaintiff is entitled to recover statutory witness per diem fees of $40.00 per day for attending the trial. *See. Monaghan v. Telecom Italia Sparkle of North America, Inc.,* 2014 WL 12639268 at * 4 (C.D. Cal. Oct. 21, 2014); *see also* 28 U.S.C. 1821(b) (permitting prevailing party to recover forty dollars per day per witness for attendance at depositions or court proceedings, plus mileage and subsistence). Hence, Plaintiff should be awarded $120.00 for the three days that Mr. Kelley attended trial.

Regarding attorney's fees, the Bareboat Charter Agreements state that in the absence of applicable general maritime law, the law of the State of Washington shall govern the agreement. The Court indicated in its Findings and Conclusions that Washington law governs whether Plaintiff is a substantially prevailing party that is entitled to attorney fees and costs, and that Plaintiff is a substantially prevailing party. The Court further directed  proposed fees and costs

should be submitted utilizing Washington State law.

Plaintiff seeks attorney fees in the amount of $612,239.00 and thus under Washington law has the initial burden of production to produce "satisfactory evidence" this fee is reasonable. *See* Findings of Fact and Conclusion of Law, Dkt. 115, citing *Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581 (1983). The process to determine a reasonable attorney fee amount begins with identification of a "lodestar" by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Id.*

Plaintiff submitted an affidavit in support of its position that the rates for the work perform in the case and amount of time are both reasonable. *See* Dkts.117, 118, and 119. Defendant "does not contest the veracity of Mr. Webster's [Plaintiff's lead counsel] statement that his firm's hours and rates were reasonable." Dkt. 121 at 3. However, Defendant contends Plaintiff's attorney fee request should be reduced because Plaintiff failed "to recover the full amount that it claimed at trial." and thus Plaintiff's lawyers necessarily spent a significant amount of time on the unsuccessful claim. *Id.* at 4.

Turning to Defendant's first argument, the argument focuses on how Plaintiff at trial withdrew the estimate that the Tugboat Leila Franco needed $281,260.09 in engine repairs. That figure was contained in an expert report Mr. Kelley prepared before trial. Mr. Kelley however placed an * next to the figure in his report and testified at trial the cost for engine repairs was subject to further tests and trials, which subsequently revealed only $8,551.00 in engine repairs were needed.

Defendant argues the Court should reduce Plaintiff's attorney fee request by $180,55.40 for the time Plaintiff spent on unsuccessfully pursuing $281,260.09 in damages for engine repairs to the Tugboat Leila Franco. The argument implies fees should be reduced because

Plaintiff did not achieve the level of success that was initially sought. The Washington Supreme Court in *Ermine v. City of Spokane*, 143 Wash.2d 636, 643 (2001) noted the level of plaintiff's success is a relevant factor in determining the amount of fees to be awarded under *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 (1983). *Hensley* addressed whether a partially prevailing party can recover attorney's fee on unsuccessful claims. The *Hensley* Court emphasized in such a case the extent of a plaintiff's success is the crucial factor in determining the proper attorney's fees award under § 1988. *Hensley*, 461 U.S. at 440. The *Hensley* court explained where a plaintiff failed to prevail on a claim unrelated to the successful claim, the hours spent on the unsuccessful claim should be excluded when considering the amount of the fee. *Id*. However, where related claims are involved, a plaintiff obtaining substantial relief should not have the fee reduced simply because not every contention was found. *Id*.

Here, the requested reduction is not based upon Plaintiff's failure to prevail on a claim or an "unrelated" claim. Plaintiff brought one claim and prevailed on the claim by establishing Defendant breached each Bareboat Charter Agreement. The Court thus declines to reduce the requested attorney fees on the grounds Plaintiff achieved limited success by failing to prevail upon a claim or a claim that is unrelated to successful claims.

The Court also declines to reduce attorney fees based upon the difference between the damages sought regarding the Tugboat Leila Franco and the damages awarded in light of the peculiar circumstances of this case. As an initial matter, the Court notes Plaintiff's complaint did not allege damages of $281,260.09 for engine repairs to the Tugboat Leila Franco. Rather, Mr. Kelley's Off-Hire Report which was attached to the complaint stated that as to the Leila Franco's engines "Main engine and aux engine lobe oil change overdue on all. Noted for record only. No action taken." *See* Dkt. 1, Exhibit J. Hence the complaint never alleged the Leila Franco's

ORDER ON ATTORNEY FEES, INTEREST,
COSTS AND AWARD OF DAMAGES TO
PLAINTIFF - 5

1  engines required $281.260.09 in repairs and this is thus not a case in which Plaintiff pled and
2  pursued damages and failed to obtain the damages sought.
3   Rather, the discrepancy regarding the cost to repair the Leila Franco's engines arose
4  because Mr. Kelley's pretrial report indicated engine repairs of $281,260.09 may be needed,
5  subject to further tests and trials. Mr. Kelley then testified that based upon further tests, only
6  $8,551.00 in engine repairs were needed. Although Mr. Kelley obviously knew before trial only
7  $8,551.00 in engine repairs were needed, this appeared to have never been communicated to
8  Defendant. The events underlying the discrepancy indicate Plaintiff's counsel and the expert, Mr.
9  Kelley, did not clearly communicate with one another regarding the repair costs to the Leila
10 Franco's engines, not that Plaintiff knowingly wasted time pursuing damages that lacked any
11 support. Under these circumstances, the Court finds attorney fees should not be reduced based
12 upon the difference between repair costs sought and damages awarded as to cost to the work
13 done on the Leila Franco's engines.
14  The poor communication between Plaintiff's counsel and Mr. Kelley raises the question
15 of whether Defendant is correct in suggesting Plaintiff's counsel improperly expended a
16 "significant amount of time" on the issue of the cost to repair the Leila Franco's engines, and that
17 attorney fees should thus be reduced by $180,55.40. This argument focuses on the amount of
18 time Plaintiff's counsel expended, rather than the damages obtained.
19  Turning to this argument that Plaintiff's lawyers time necessarily spent a significant
20 amount of time on the unsuccessful claim, the Court declines to find Plaintiff's counsel spent
21 $180,55.40 of compensable time working on the repairs to the Leila Franco's engines. The record
22 in this case does not support a finding <u>any</u> lawyer spent a significant amount of time working on
23 the issue of the costs to repair the Leila Franco's engines. If anything the record indicates all

ORDER ON ATTORNEY FEES, INTEREST,
COSTS AND AWARD OF DAMAGES TO
PLAINTIFF - 6

counsel spent a very small amount of time on this issue. Plaintiff's counsel obviously relied upon the uncorrected report created pretrial by Mr. Kelly and upon Mr. Kelly's testimony at trial to establish the cost of engine repairs to the Leila Franco. Determining the costs to repair the Leila Franco's engines did not require Plaintiff's counsel to perform extensive investigation outside of Mr. Kelley's report, legal research, or to draft motions or other pleadings. One can reasonably be assured Plaintiff's counsel and legal team expended very little time on the issue of the repairs to the Leila Franco, so little in fact that counsel failed to clarify Mr. Kelley's tentative initial estimate with what the actual repair costs were (or double check how there was obviously no invoice submitted by Mr. Kelley that showed engine repairs of $281,260.09 were performed on the Leila Franco).

In sum, the Court concludes Plaintiff has met its burden to establish attorney fees in the amount of $612,239.00 is reasonable and the Court according awards such fees.

For the reasons set forth above the Court ORDERS:

1. Plaintiff is awarded attorney fees on the amount of $612,239.00.

2. Plaintiff is awarded prejudgment interest of $582,770.76 through October 31, 2022 and which continued to accrue at a daily rate of $463.22 per day till entry of this order for a total of $595,740.92.

3. Plaintiff is awarded costs in the amount of $23,438.97, as set for in Exhibit B, referenced above.

4. Plaintiff is awarded of $40.00 for each of the three days that Mr. Kelley attended trial in the amount of $120.

4. Plaintiff is awarded a per diem cost of $1,160 for Kurt Redd who attended trial for five days.

ORDER ON ATTORNEY FEES, INTEREST,
COSTS AND AWARD OF DAMAGES TO
PLAINTIFF - 7

5. As noted above, with the amendment to the Court's Findings of Fact and Conclusions of Law, Plaintiff is entitled to entry of judgment in Plaintiff's favor and against Defendant in the amount of $1,520,863 for repair costs, hire fees and insurance under the Bareboat Charter Agreements.

DATED this 28th day of November, 2022.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　BRIAN A. TSUCHIDA
　　　　　　　　　　　　　　　　　United States Magistrate Judge